NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 12-487


ROBERT BAROUSSE

VERSUS

FORD MOTOR COMPANY, INC.


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2011-10224
HONORABLE KRISTIAN DENNIS EARLES, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

BILLY H. EZELL

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy H. Ezell, and J. David Painter, Judges.


MOTION TO DISMISS APPEAL DENIED.


Carl Joseph Giffin, Jr.
Robert William Maxwell
Phillip A. Dominique
Bernard, Cassisa, et al
1615 Metairie Road
Metairie, LA 70055-9530
(504) 834-2612
COUNSEL FOR DEFENDANT/APPELLANT:
    Ford Motor Company, Inc.

**Nicholas Bellard**
**Bellard Law Offices, LLC**
**532 SE Court Circle**
**Crowley, LA 70526**
**(337) 783-2992**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
   **Robert T. Barousse**

**EZELL, Judge.**

The plaintiff-appellee, Robert T. Barousse, moves to dismiss the appeal by defendant-appellant, Ford Motor Company, Inc., as untimely. We hereby deny appellee's motion.

Appellee filed suit in redhibition against appellant, seeking rescission of the sale of an automobile and damages arising therefrom. Appellee subsequently filed a motion for summary judgment. Appellee's motion was heard on November 7, 2011. At the hearing, the trial court granted appellee's motion for summary judgment and ordered that the sale be rescinded. The trial court did not determine damages at the November 7, 2011, hearing, nor did the trial court request that a formal judgment be prepared. Instead, the trial court continued the hearing for the sole purpose of determining damages.

Thereafter, on December 20, 2011, appellee submitted a document to the trial court, entitled "Judgment." Despite the title, the document merely requested that a hearing be set to determine damages. On December 27, 2011, the trial court signed the "Judgment" or more appropriately, the rule to show cause, and scheduled the hearing to determine damages for January 17, 2012. The rule was never formally served on appellant; however, on January 6, 2012, appellant filed a document entitled "Opposition to the Show Cause Order."

When the issue of the "Judgment" or rule to show cause arose at the January 17, 2012, hearing, appellee admitted that the December 20, 2011, "Judgment" was not a judgment, but rather a signed order continuing the November 7, 2011, hearing.

On February 6, 2012, the trial court signed and issued a final judgment, which reflected the trial court's rulings from both hearings on appellee's motion for summary judgment. Thereafter, on February 15, 2012, appellant filed a motion for new trial. On the same day, the trial court wrote "Denied. No New Evidence" across

the face of the rule to show cause that was attached to the motion. The trial court then signed and dated the rule in the spaces provided. On March 7, 2012, appellant filed a motion for suspensive appeal.

In response to appellant's motion for suspensive appeal, appellee filed the instant motion to dismiss the appeal, arguing that the oral ruling granting appellee's motion for summary judgment on November 7, 2011, was a final, immediately appealable judgment under La.Code Civ.P. art. 1915(A)(3), and therefore, appellant's motion for new trial and subsequent appeal were both untimely.

"A final judgment shall be identified as such by appropriate language." La.Code Civ.P. art. 1918. In addition, "every final judgment shall be signed by the judge." La.Code Civ.P. art. 1911. In the instant case, the oral ruling entered by the trial court on November 7, 2011, was not a final judgment, as contemplated by La.Code Civ.P. arts. 1911 and 1918, because it was neither memorialized in writing nor signed by the presiding judge. Because the February 6, 2012, judgment, was the first and only signed judgment memorializing the rulings from the November 7, 2011, and the January 17, 2012, hearings, we find that the February 6, 2012, judgment is a final judgment from which the appeal delays in this matter began to run.

Accordingly, we find that appellant's motion for new trial and subsequent motion for suspensive appeal were timely. We, therefore, deny appellee's motion to dismiss and maintain this appeal.


 **MOTION TO DISMISS APPEAL DENIED.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Court of Appeal.